OPINION
Appellant, Kenyatte Fuller, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of his minor child to Butler County Children Services Board ("BCCSB"). We affirm the decision of the trial court.
Jordan Isaiah Williams was born on January 13, 1999 to Shannon Williams while she was incarcerated. As a result of his mother's incarceration, the trial court adjudicated Jordan as neglected and dependent. Jordan was placed in the custody of BCCSB the day following his birth. He has been in the care of foster homes ever since.
Appellant is Jordan's biological father. He was not determined to be Jordan's legal father until November 1999. Appellant was incarcerated when Jordan was born.
The trial court adopted a case plan created for appellant by BCCSB in an effort to unify appellant with Jordan. According to the terms of the case plan, appellant was to complete a drug and alcohol assessment, undergo a psychological evaluation and complete a "parenting skills" program. In addition, the case plan required appellant to obtain consistent employment and a stable residence of his own. Appellant failed to comply with the case plan.
On August 31, 2000, the trial court granted permanent custody of Jordan to BCCSB. Appellant appeals this decision of the trial court and raises one assignment of error:[1]
 THE TRIAL COURT'S DECISION TO GRANT BCCSB PERMANENT CUSTODY IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 Natural parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer (1982), 455 U.S. 745, 102 S.Ct. 1388. A motion by the state to terminate parental rights "seeks not merely to infringe that fundamental liberty interest, but to end it." Id. at 759, 102 S.Ct. at 1397. In order to satisfy due process, the state is required to prove by clear and convincing evidence that the statutory standards have been met. Id. at 769, 102 S.Ct. at 1403. "Clear and convincing evidence" requires that the proof "produced in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
A reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. Id. at 479. When deciding a permanent custody case, the trial court is required to make specific statutory findings; the reviewing court must determine whether the trial court either followed the statutory factors in making its decision or abused its discretion by deviating from the statutory factors. See In reWilliam S. (1996), 75 Ohio St.3d 95.
A trial court may not award permanent custody of a child to a state agency unless the agency satisfies two statutory factors. First, the agency must demonstrate that an award of permanent custody is in the best interest of the child. R.C. 2151.414(B)(2). Second, the agency must show that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.Id.
When determining whether it would be in the best interest of the child to grant permanent custody of the child to an agency, a juvenile court should consider all relevant factors, which include but are not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
R.C. 2151.414(D).
In this case, the trial court found by clear and convincing evidence that it would be in the best interest of Jordan to award permanent custody to BCCSB. The trial court specifically found several of the factors listed in R.C. 2151.414(D) applicable to Jordan.
Jordan had no contact with appellant until August 1999. Appellant was determined to be Jordan's legal father in November 1999. Except for visitation with appellant, Jordan has little contact with any other relative. See R.C. 2151.414(D)(1).
The trial court found that Jordan is in need of a legally secure placement because he has been in foster care for approximately twenty months, since he was one day old. See R.C. 2151.414(D)(4). Although BCCSB created a case plan to unify appellant with Jordan, appellant failed to comply with the terms of the case plan. Appellant failed to maintain stable employment. He failed to complete the parenting skills class or his psychological evaluation. Appellant failed to provide proof to support his claim that he completed a drug and alcohol assessment. Seeid. Finally, the trial court noted that appellant's repeated incarcerations impact his ability to provide consistent nurturing and care to Jordan. See R.C. 2151.414(D)(5); R.C. 2151.414(E)(13).
With respect to the determination of whether a child cannot be placed with either parent within a reasonable time, or should not be placed with his parents, the factors to be considered pursuant to R.C. 2151.414(E) include the following:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
***
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
***
 (13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
***
(16) Any other factor the court considers relevant.
 When making its determination, the trial court must consider all relevant evidence. R.C. 2151.414(E). If the trial court finds that any factor enumerated in R.C. 2151.414(E) is present, the trial court must find that the child cannot or should not be placed with the parent. Id.
The trial court concluded in this case that Jordan cannot and should not be placed with appellant. Notwithstanding the reasonable efforts of BCCSB to place Jordan with appellant, appellant did not comply with the case plan. See R.C. 2154.414(E)(1). Despite numerous referrals by BCCSB, appellant failed to complete a psychological evaluation. He did not provide the trial court with proof that he completed a drug and alcohol assessment. Appellant failed to complete the parenting skills program. He failed to obtain suitable housing or stable employment.
In addition, appellant's repeated incarcerations prevent him for caring for Jordan. See R.C. 2151.414(E)(13). Appellant missed the first six months of Jordan's life, in part, because he was incarcerated. At the time of the permanent custody hearing, appellant was again incarcerated for violating a condition of his parole.
Taking into consideration appellant's past behavior, the trial court noted that "the best predictors of the future are the past," and concluded that based on appellant's past unstable behavior, there was little evidence presented that appellant could adequately provide Jordan with stability and care in a reasonable time.
After reviewing the record, we hold that the trial court made its findings according to the statutory guidelines of R.C. 2151.414, and these findings are supported by clear and convincing evidence. Appellant's assignment of error is overruled.
VALEN, P.J., and WALSH, J., concur.
[1] Jordan's mother, Shannon Williams, also failed to complete a court-adopted case plan prepared for her. The trial court's decision also terminated her parental rights to Jordan. Williams filed a notice of appeal, but failed to file a brief and assign any error to the trial court's decision. Accordingly, this court sua sponte dismissed William's appeal. See App.R. 18(C).